IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-06121-NYW-NRN

CHRISTOPHER J. NOLAN,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY, COLORADO,
RICHARD Y. NEILEY, III, Pitkin County Attorney, in his individual and official capacities,
RYAN L. SCHEIDT, Assistant Pitkin County Attorney, in his individual and official capacities,
SUZANNE WOLF, Community Development Director, in her individual and official capacities,
CHAD ABRAHAM, Code Enforcement Officer, in his individual and official capacities,
GREG POSCHMAN, Pitkin County Commissioner, in his individual capacity,
JEFFREY WOODRUFF, Pitkin County Commissioner, in his individual capacity, and
KELLY MCNICHOLS KURY, former Pitkin County Commissioner, in her individual capacity,

Defendants.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 2)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court pursuant to Orders issued by Judge Nina Y. Wang, ECF No. 12, referring Plaintiff Christopher J. Nolan's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"), ECF No. 2. Defendant Board of County Commissioners of Pitkin County, Colorado (the "County") filed a response. ECF No. 7-2. The Court heard argument on November 20, 2026. *See*

ECF No. 14. For the reasons stated below, it is hereby **RECOMMENDED** that Mr. Nolan's TRO Motion be **DENIED**.

## I. BACKGROUND

Mr. Nolan brings this suit under 42 U.S.C. § 1983 and the Title II of the Americans with Disabilities Act ("ADA"). Very generally, he alleges that the County is interfering with his use and enjoyment of property he owns in Aspen, Colorado.

In the subject TRO Motion, Mr. Nolan requests unfettered access to public areas of the Pitkin County Administration Building and seeks to enjoin the County from prosecuting a land use enforcement case pending in state district court and from issuing and enforcing any code citations against him. ECF No. 2 at 10–11. In support Mr. Nolan states that he received a letter from the County in October 2024 barring him from the administrative building. *See* ECF No. 1-4 at 15–16 (letter from Pitkin County Attorney stating Mr. Nolan "will not be permitted to access the Pitkin County Administration Building beyond the foyer without appointment to do so," but noting that he was "still permitted to attend and participate . . . in regularly scheduled meetings"). Also in 2024, the County cited Mr. Nolan for illegally storing materials, vehicles, and/or equipment on the property. *See id.* at 18–23. In October 2026, the County filed a lawsuit in Pitkin County District Court, Case No. 2026CV30151 (the "State Court Action"), concerning Mr. Nolan and his business's failure to cure or remedy the violations. *See* ECF No. 7-3.[1] This is the lawsuit Mr. Pitkin seeks to enjoin.

---

[1] The Court takes judicial notice of the state court docket. See Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008) (a court may properly consider facts subject to judicial notice, state court pleadings, and matters of public record).

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Because Mr. Nolan proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Temporary Restraining Order

Federal Rules of Civil Procedure 65 governs the entry of injunctions and restraining orders. TROs and preliminary injunctions are extraordinary remedies. *See DigitalGlobe, Inc. v. Paladino*, 269 F. Supp. 3d 1112, 1118–19 (D. Colo. 2017); *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). "Injunctive relief is not a separate cause of action; rather it is one form of relief for the other legal violations

alleged." *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1088 (D. Colo. 2018) (citation omitted).

The standards for granting a TRO and a preliminary injunction are generally the same. *See Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020). To succeed, the movant must establish: (1) a substantial likelihood of success on the merits, (2) that irreparable harm will ensue if the request for a TRO is denied, (3) that the threatened harm to the movant outweighs the harm that the TRO may cause the nonmovant; and that (4) the TRO would not adversely affect the public interest. *See ClearOne*, 618 F.3d at 1119; *Briscoe v. Sebelius*, 927 F. Supp. 2d 1109, 1114 (D. Colo. 2013). The movant must show that their right to relief is "clear and unequivocal." *DigitalGlobe, Inc.*, 269 F. Supp. 3d at 1118. "[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

## III. ANALYSIS

The Court agrees with the County that Mr. Nolan's request for an order permitting him access to the County Administration Building is moot, and concludes that it must abstain from interfering with the State Court Action. Accordingly, Mr. Nolan's TRO Motion should be denied.

**a. Public Building Access**

Mr. Nolan is not entitled to injunctive relief enjoining his exclusion from the County Administration Building because he is not, in fact, barred from the building. In a letter dated November 17, 2026, the County clarified that Mr. Nolan is "free to enter the foyer of the Pitkin County Administration Building, use its public common areas and access routes, and attend all meetings, hearings, and work sessions open to the public, during normal business hours and any extension of those hours occasioned by a public meeting." ECF No. 7-7. The letter notes that Mr. Nolan had participated in public comment "numerous times" without incident and paid his taxes at the public counters and walk-in services located in the building. *Id.* During the November 20, 2026 hearing, the County reaffirmed that Mr. Nolan has access to all areas of the County building that are open to the public. Counsel for the Defendants explained that this message had been communicated to all security personnel. In addition to Mr. Nolan's request for emergency injunctive relief being moot, the fact that he waited over two years from the date of the challenged 2024 letter to seek a TRO indicates that he has not and will not suffer any irreparable harm if the TRO Motion is denied. A party requesting a preliminary injunction must generally show reasonable diligence. "As a general proposition, delay in seeking preliminary relief cuts against finding irreparable injury." *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1543–44 (10th Cir. 1994) (quoting *New Jersey Ass'n of Health Care Facilities, Inc. v. Gibbs*, 838 F. Supp. 881, 928 (D.N.J. 1993)).

**b. *Younger* Abstention**

The County argues that the Court must abstain from restraining the State Court Action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which "requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016). *Younger* only applies to three "exceptional" categories of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citation omitted). If the proceeding falls into a *Sprint* category, then the federal court must abstain if the following conditions are met: (1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32 (1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003). The Court finds that all three *Younger* conditions exist regarding the relief Mr. Nolan seeks.

First, the State Court Action is ongoing—there is a hearing set for Monday, November 23, 2026, *see* ECF No. 7-4—and the County's enforcement action is the type of proceeding to which the *Younger* abstention doctrine applies. *See Sweet v. Douglas Cnty., State of Colo.*, No. 20-cv-03318-CMA-SKC, 2021 WL 4046411, at *3 (D. Colo. July 8, 2021) (This is a civil enforcement proceeding whereby the County seeks to enforce its zoning rules or laws against Plaintiff. . . . And it is this underlying civil enforcement action that Plaintiff challenges as unlawful in this federal case; therefore,

the Court concludes the first element of the *Younger* doctrine is satisfied."), *report and recommendation adopted sub nom. Sweet v. Douglas Cnty.*, 2021 WL 3362073 (D. Colo. Aug. 3, 2021).

Next, there is no indication that Mr. Nolan cannot present or pursue his constitutional or ADA claims in the State Court Action. S*ee Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) ("Typically, a plaintiff has an adequate opportunity to raise federal claims in state court unless state law clearly bars the interposition of the . . . constitutional claims."). Moreover, the state court is well-equipped to address any alleged deficiencies in service of process. Therefore, the Court concludes Colorado state courts provide an adequate forum for Mr. Nolan's claims and defenses.

Finally,

> "Matters relating to property law, land use, and zoning ordinances have frequently been held to be 'important' state interests justifying *Younger* abstention." *Duran v. Doe*, No. 1:11-cv-00279-MCA-KBM, 2012 WL 13001849, at *3 (D.N.M. Mar. 19, 2012) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 167 (4th Cir. 2008)). The Tenth Circuit has specifically concluded that "zoning and nuisance abatement issues are traditional state law matters that implicate important state interests." *Lambeth v. Miller*, 363 F. App'x 565, 568 (10th Cir. 2010); *see also Guschke v. City of Okla. City*, 763 F.2d 379, 384 (10th Cir. 1985) ("[T]he state's interest in zoning is great.").

*Sweet,* 2021 WL 4046411, at *3. Given that the State Court Action involves the enforceability of the County's zoning laws, the third *Younger* factor is satisfied.

The Court recommends that Mr. Nolan's TRO Motion be denied on *Younger* grounds insofar as Mr. Nolan seeks to enjoin in any way the State Court Action.

### c. Other Requested Relief

To the extent that Mr. Nolan seeks other emergency relief, such as forbidding the County from inspecting his property or issuing further citations, the Court determines that Mr. Nolan has not demonstrated any irreparable harm, which requires that an injury be "certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). The fact that harm is "serious" or "substantial" is not enough. *Id.* "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (citation omitted). Mr. Nolan claims that the County's "selective enforcement and stigmatization of Plaintiff's property rights have actively emboldened private neighbors, culminating in a near-fatal vehicular confrontation on the shared driveway." ECF No. 2 at 9. This incident cannot be attributed to any action or inaction taken by the County and is not sufficient to establish irreparable harm, and no other great, imminent harm justifies granting the TRO Motion.

## IV. CONCLUSION

For the reasons outlined above, it is hereby **RECOMMENDED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2, be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 20th Day of November, 2026.

N. Reid Neureiter
United States Magistrate Judge